**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HOGAN CONSTRUCTION, INC., et al., )<br>)<br>Defendant. ) | Cause No.: 4:07-cv-01612-JCH |

## CONSENT JUDGMENT

Now on this day, Plaintiff Travelers Casualty and Surety Company of America ("Travelers") and Hogan Construction, Inc., Marvin D. Hogan, Linda D. Hogan, Marvin D. Hogan Revocable Trust Dated August 21, 1991 and Linda D. Hogan Revocable Trust Dated August 21, 1991 (hereinafter Defendants) in the circumstances consent and agree as follows:

WHEREAS, Travelers executed various Payment and Performance Bonds as Surety on behalf of Hogan Construction, Inc. and/or Paragon Hogan JV 1-2004 as principal; and

WHEREAS, on or about October 6, 2005, Defendants executed a General Indemnity in connection with the bonds issued by Travelers and hereby affirm their obligations pursuant to said General Indemnity Agreement and agree that the rights of the Surety under this Consent Judgment are in addition to, and not in lieu of, any of the rights of Travelers existing under the General Indemnity Agreements and under the law and in equity; and

WHEREAS, Pursuant to the aforesaid General Indemnity Agreement, Hogan Construction, Inc., Marvin D. Hogan, Linda D. Hogan, Paragon-Hogan JV 1-2004, Marvin D. Hogan Revocable Trust Dated August 21, 2001 and Linda D. Hogan Revocable Trust Dated August 21, 2001 and each of them agreed inter alia, as follows:

1

"...**Default** – Any of the following shall constitute a Default: (a) a declaration of Contract default by any Obligee; (b) actual breach or abandonment of any Contract; (c) a breach of any provision of this Agreement; (d) failure to make payment of a properly due and owing bill in connection with any Contract; (e) Company's good faith establishment of a reserve; (f) improper diversion of Contract funds or any Indemnitor's assets to the detriment of Contract obligations; (g) any Indemnitor's becoming the subject of any proceeding or agreement of bankruptcy, receivership, insolvency, or creditor assignment, or actually becoming insolvent; (h) any Indemnitor's dying, becoming legally incompetent, being imprisoned, being convicted of a felony, or disappearing and being unable to be located; (i) any representation furnished to Company by or on behalf of any Indemnitor proving to have been materially false or misleading when made; and/or (j) any Change in Control...

**Loss** – All loss and expense of any kind or nature, including attorneys' and other professional fees, which Company incurs in connection with any Bond or this Agreement, including but not limited to all loss and expense incurred by reason of Company's: (a) making any investigation in connection with any Bond; (b) prosecuting or defending any action in connection with any Bond; (c) obtaining the release of any Bond; (d) recovering or attempting to recover Property in connection with any Bond or this Agreement; (e) enforcing by litigation or otherwise any of the provisions of this Agreement; and (f) all interest accruing thereon at the maximum legal rate...

**Property** – Indemnitors' rights, title and interest, whether now held or hereafter acquired in: (a) any Contract or contract, including but not limited to subcontracts let; (b) any and all sums due or which may hereafter become due under any Contract or contract, and all damage claims and proceeds related thereto; (c) all rights arising under any surety bonds or insurance policies; and (d) any and all accounts receivable, letters of credit, documents of title, bills of lading, warehouse receipts, machinery, plants, equipment, tools, materials, supplies, inventory, vehicles, hardware, software, machine tools, fixtures, office equipment, books, records, designs, licenses, patents, intellectual property, as-builts, construction drawings and documents, and all electronically stored information...

**3.    Indemnification and Hold Harmless:** Indemnitors shall exonerate, indemnify and save Company harmless from and against all Loss. An itemized, sworn statement by an employee of Company, or other evidence of payment, shall be prima facie evidence of the propriety, amount and existence of Indemnitors' liability. Amounts due to Company shall be payable upon demand.

**4.    Claim Settlement:** Company shall have the right, in its sole discretion, to determine for itself and Indemnitors whether any claim, demand or suit brought against Company or any Indemnitor in connection with or relating to any Bond shall be paid, compromised, settled, tried, defended or appealed, and its determination shall be final, binding and conclusive upon the Indemnitors. Company shall be entitled to immediate reimbursement for any and all Loss incurred under the belief it was necessary or expedient to make such payments.

5. **Collateral Security:** Indemnitors agree to deposit with Company, upon demand, an amount as determined by Company sufficient to discharge any Loss or anticipated Loss. Indemnitors further agree to deposit with Company, upon demand, an amount equal to the value of any assets or Contract funds improperly diverted by any Indemnitor. Sums deposited with Company pursuant to this paragraph may be used by Company to pay such claim or be held by Company as collateral security against any Loss or unpaid premium on any Bond. Company shall have no duty to invest, or provide interest on, the deposit. Indemnitors agree that Company would suffer irreparable damage and would not have an adequate remedy at law if Indemnitors fail to comply with the provisions of this paragraph.

6. **Remedies:** In the event of a Default, Indemnitors assign, convey and transfer to Company all of their rights, title and interests in Property, and Company shall have a right in its sole discretion to: (a) take possession of the work under any Contract and to complete said Contract, or cause, or consent to, the completion thereof; (b) immediately take possession of Indemnitors' Property, and utilize the Property for the completion of the work under the Contracts without payment for such use; (c) assert or prosecute any right or claim in the name of any Indemnitor and to settle any such right or claim as Company sees fit; (d) execute in the name of any Indemnitor, any instruments deemed necessary or desirable by Company to: (i) provide Company with title to assets, (ii) take immediate possession of Contract funds whether earned or unearned, (iii) collect such sums as may be due Indemnitors and to endorse in the name of Indemnitors, and (iv) collect on any negotiable instruments; (e) require any Obligee to withhold payment of Contract funds unless and until Company consents to its release; and/or (f) be subrogated to all the rights, remedies, properties, funds, securities and receivables relating to Indemnitors' Contracts or contracts and have the right to offset losses on any Contract or Bond against proceeds, funds, or property due from another Contract, bond or contract. Further, in the event of Default and upon demand Indemnitors shall direct that all payments, monies, and properties that are due or may become due on any Contract or contract be made payable to, and/or sent directly to, Company, and shall issue whatever writing or notices as deemed necessary by Company to effectuate the default and/or termination of any Contract.

7. **Joint and Several Liability:** The obligations of Indemnitors hereunder are joint and several. Company is authorized to settle with any one or more of the Indemnitors individually, and without reference to the others, and any such settlements shall not bar or prejudice actions by company against or affect the liability of the other Indemnitors hereunder.

9. **Trust Fund:** All payments due or received for or on account of any Contract, whether or not in the possession of any Indemnitor, shall be held in trust as trust funds by Indemnitors for the benefit and payment of all obligations for which Company as beneficiary may be liable under any Bond. Company may open a trust account or accounts with a bank for the deposit of the trust funds. Upon demand, Indemnitors shall deposit therein all trust funds received. Withdrawals from such trust accounts shall require the express consent of Company.

**10.    Books, Records and Credit:** Indemnitors shall furnish upon demand, and Company shall have the right of free access to, at reasonable times, the records of Indemnitors including, but not limited to, books, papers, records, documents, contracts, reports, financial information, accounts and electronically stored information, for the purpose of examining and copying them. Indemnitors expressly authorize Company to access their credit records, including, but not limited to, account numbers and/or account balances from financial institutions. To the extent required by law, Indemnitors, upon request shall be informed whether or not a consumer report has been requested by Company, and if so, of the name and address of the consumer reporting agency furnishing the report.

**12.    Security Interest:** As security for their obligations hereunder, Indemnitors hereby grant to Company a security interest in the following properties, assets and rights of Indemnitors, wherever located, whether now owned or hereafter acquired or arising, and all proceeds and products thereof: all goods (including inventory, equipment and any accessions thereto), instruments (including promissory notes), documents, accounts, chattel paper, deposit accounts, letter-of-credit rights, securities and all other investment property, supporting obligations, any Contract or contract rights or rights to the payment of money, insurance claims and proceeds, and all general intangibles (the "Collateral"). This Agreement shall for all purposes constitute a Security Agreement for the benefit of Company in accordance with the Uniform Commercial Code ("UCC") and all similar statutes. Indemnitors hereby irrevocably authorize Company, without notice to any Indemnitor, in order to perfect the security interest granted herein, to file either: (a) this Agreement or a copy or other reproduction of this Agreement; or (b) any initial financing statements or amendments thereto that indicate the Collateral as all assets of Indemnitors or words of similar effect, as being of an equal or lesser scope or with greater detail and that contain any other information relating to any Indemnitor required by Part 5 of Article 9 of the UCC for the jurisdiction where such financing statement or amendment is filed. Company may add schedules or other documents to this Agreement as necessary to perfect its rights. The failure to file or record this Agreement or any financing statement shall not release or excuse any of the obligations of Indemnitors under this Agreement."

WHEREAS, Hogan Construction, Inc., Marvin D. Hogan, Linda D. Hogan, Marvin D. Hogan Revocable Trust Dated August 21, 1991 and Linda D. Hogan Revocable Trust Dated August 21, 1991 have breached the indemnity agreement in that they have not indemnified Travelers for its losses, damages, costs and attorney's fees which as of September 30, 2008 total $2,625,426.54 and have otherwise failed to fully comply with various provisions of the General Indemnity Agreement; and

WHEREAS, Pursuant to RSMO 433.050, Travelers is entitled to interest at the rate of 10% per annum for amounts that it has paid out as surety; and

WHEREAS, Defendants have breached the bonded contracts, the bonds, and the General Agreement of Indemnity in that:

(a) they have not paid, or have not paid in a timely fashion, obligations for labor and materials incurred by them in their attempts to perform the bonded contract work and/or have otherwise defaulted on various bonded projects;

(b) they have failed to comply with the trust fund provisions of the General Indemnity Agreement and have therefore breached their fiduciary duties to Travelers;

(c) they have acknowledged to Travelers their inability to make payments for claims for labor and material on the bonded projects;

(c) they have failed to exonerate and indemnify and keep indemnified Travelers from and against any and all liability for losses and/or expenses of whatsoever kind or nature; and

(d) although demanded, they have failed to pay to Travelers a payment equal to the amount of the reserves set by Travelers; and

WHEREAS, Defendants have a duty to indemnify Travelers under the common law, in equity, and according to the terms of under the General Indemnity Agreement; and

WHEREAS, in accordance with the General Indemnity Agreement, Travelers has made demand upon Defendants to be placed in funds or other suitable collateral sufficient to hold it harmless of the liabilities and losses it has incurred under the bonds; and

WHEREAS, Travelers has demanded that Defendants indemnify it and hold it harmless for its losses, costs, expenses and liabilities; and

WHEREAS, Defendants have failed and have refused to respond favorably to the demands of National Surety and have thereby breached the General Indemnity Agreements and their duty to National Surety under the common law and in equity; and

WHEREAS, as a direct and proximate result of the Defendants' breach of the General Agreements of Indemnity, Travelers has been damaged and fears that unless relief is granted to it will continue to accrue attorney's fees, costs, consulting fees, loss of use of its funds, plus other fees and expenses; and

WHEREAS, Defendants Hogan Construction, Inc., Marvin D. Hogan, Linda D. Hogan, Marvin D. Hogan Revocable Trust Dated August 21, 1991 and Linda D. Hogan Revocable Trust Dated August 21, 1991 herewith waive any defenses, claims or counterclaims that they might have or could assert and consent to the entry of judgment against them, and each of them jointly and severally, by the Court in the amount $2,571,269.11 plus Travelers attorney fees, expenses, interest and court costs incurred and expended.

NOW, THEREFORE, based upon the foregoing,

IT IS HEREBY ORDERED:

1) Judgment is herewith entered in favor of Travelers Casualty and Surety Company of America and against Defendants Hogan Construction, Inc., Marvin D. Hogan, Linda D. Hogan, Marvin D. Hogan Revocable Trust Dated August 21, 1991 and Linda D. Hogan Revocable Trust Dated August 21, 1991 and each of them jointly and severally in the amount of $2,625,426.54 plus court costs, attorney's fees and interest at the rate of 10% per annum.

2) Defendants are further ordered to place in the hands of Travelers Casualty and Surety Company of America sufficient funds, money, property or other assets to fully indemnify, exonerate and reimburse it with the amount of the judgment obtained by it herein.

**MARVIN D. HOGAN**

By: */s/ Marvin D Hogan*
Marvin D. Hogan

**LINDA D. HOGAN**

By: */s/ Linda D Hogan*
Linda D. Hogan

**HOGAN CONSTRUCTION, INC.**

By: */s/ Linda Hogan*
LINDA HOGAN
Printed Name                Title

**MARVIN D. HOGAN
REVOCABLE TRUST DATED
AUGUST 21, 1991**

By: */s/ Marvin D Hogan*
MARVIN D HOGAN
Printed Name                Title

**LINDA D. HOGAN
RECOVABLE TRUST DATED
AUGUST 21, 1991**

By: */s/ Linda D Hogan*
LINDA HOGAN
Printed Name                Title

REINERT & ROURKE, P.C.

By: */s/ Aaron G. Weishaar*
Aaron G. Weishaar, #106865
812 N. Collins, Laclede's Landing
St. Louis, MO 63102
Office: 314-621-5743
Fax: 314-621-8071
aweishaar@reinertrourke.com
Attorneys for Travelers Casualty
and Surety Company

SHURTLEFF, FROESCHNER, HARRIS
+ SLEETH, LLC

By: */s/ Gwen Froeschner Hart*
Gwendolyn Froeschner Hart
25 N. Ninth Street
Columbia, MO 65102
Office: 573-449-3874
Fax: 573-875-5055
gwenf@tranquility.net
Attorneys for Marvin D. Hogan, Linda D.
Hogan, Hogan Construction, Inc.,
Marvin D. Hogan Revocable Trust Dated
August 21, 1991, Linda D. Hogan
Revocable Trust Dated August 21, 1991

**SO ORDERED, ADJUDGED AND DECREED THIS** 12th **DAY OF** November, **2008**

_____
Judge